Robert WILLIAMS, Plaintiff–
Appellant,

v.

Arthur SCHWARTZ, individually and in
the capacity of managing agent, Alli-
son Heilbraun, individually and in the
capacity of attorney, DJA Manage-
ment Corp., Norvax Associates, Dom-
inick Calderoni, individually and in
the capacity of temporary receiver,
Defendants–Appellees.[1]

No. 12–1832–cv.

United States Court of Appeals,
Second Circuit.

July 16, 2013.

Robert Williams, Bronx, NY, pro se.

David Patrick Stich, New York, NY, for
Appellees.

Present: ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR., and
SUSAN L. CARNEY, Circuit Judges.

**SUMMARY ORDER**

Appellant Robert Williams, proceeding
*pro se*, appeals from the district court's
March 1, 2012 decision and order dismiss-
ing his complaint, which alleged racial dis-
crimination, housing discrimination, and
general contract claims. We assume the
parties' familiarity with the underlying
facts, the procedural history of the case,
and the issues on appeal.

As an initial matter, the district court
properly exercised jurisdiction and de-
clined to dismiss Appellant's suit based on
the *Rooker–Feldman* doctrine. *See Hob-
lock v. Albany Cnty. Bd. of Elections*, 422
F.3d 77, 85 (2d Cir.2005). We review de
novo a district court's dismissal of a com-
plaint pursuant to Rule 12(b)(6), "accepting
all factual claims in the complaint as true,
and drawing all reasonable inferences in
the plaintiff's favor." *Famous Horse Inc.
v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108
(2d Cir.2010). We also review de novo the
denial of leave to amend on the basis of
futility. *See Hutchison v. Deutsche Bank
Sec. Inc.*, 647 F.3d 479, 490 (2d Cir.2011).
To survive a Rule 12(b)(6) motion to dis-
miss, the complaint must plead "enough
facts to state a claim to relief that is
plausible on its face." *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 570, 127 S.Ct.
1955, 167 L.Ed.2d 929 (2007). A claim will
have "facial plausibility when the plaintiff
pleads factual content that allows the court
to draw the reasonable inference that the
defendant is liable for the misconduct al-
leged." *Ashcroft v. Iqbal*, 556 U.S. 662,
678, 129 S.Ct. 1937, 173 L.Ed.2d 868
(2009). While *pro se* complaints must con-
tain sufficient factual allegations to meet
the plausibility standard, we look for such

1. The Clerk of the Court is directed to change the caption as set out above.

allegations by reading *pro se* complaints with "special solicitude" and interpreting them "to raise the strongest [claims] that they *suggest.*" *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks omitted).

After an independent review of the record and relevant case law, we affirm the district court's judgment for substantially the same reasons as those stated by the district court in its decision and order.

We have considered Appellant's arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.